**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN ROBERT MILLER,<br><br>               Petitioner,<br><br>  v.<br><br>JOE SULLIVAN,<br><br>               Respondent. | NO. SACV 07-00238-VAP (MAN)<br><br>ORDER DENYING REQUEST FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER AND MOTION FOR STAY |

Presently before the Court is a document filed by Petitioner on June 22, 2011, entitled Notice Of Motion To Stay Adjudication of Habeas Petition To Allow Petitioner To Exhaust Unexhausted Federal Claims ("Motion"). The Motion seeks review of several 2008 and 2009 orders of United States Magistrate Judge Margaret A. Nagle in this case. The Court, thus, construes the Motion as a request for reconsideration of a magistrate judge's ruling on a nondispositive pretrial matter, pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). Under the applicable standards, the Motion must be denied for the following reasons.

First, when a party objects to a Magistrate Judge's order, he must file and serve his objections within 14 days after being served with the order. *See* Fed. R. Civ. P. 72(a); Local Rule 72-2.1. As discussed below, the Magistrate Judge orders in question issued in September 2008, and March 2009. Petitioner concedes that he timely received these Orders. Thus, the Motion is grossly untimely.

Second, when reconsideration of a Magistrate Judge's pretrial order is sought, reconsideration is available only "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (following same standard). Even if the instant Motion were timely, it would be denied, because it does not satisfy this standard.

Following the California Supreme Court's denial of review in August 2005, and his re-sentencing in April 2006, Petitioner did not file any state collateral proceedings regarding the conviction in issue. Petitioner filed his federal habeas petition in February 2007, raising the claims he alleged in his state appeal. In her Order of March 1, 2007, Magistrate Judge Nagle cautioned Petitioner that, in his Reply to the Answer to the Petition, he "shall not raise new grounds for relief that were not asserted in the Petition," and "[g]rounds for relief asserted for the first time in the Reply will not be considered." In her subsequent Orders of September 17, 2007, and October 3, 2007, Magistrate Judge Nagle reiterated this caution.

Thirteen months after Respondent answered the Petition and lodged

2

the state record, Petitioner filed a Traverse.[1]  In contravention of Magistrate Judge Nagle's above-noted Orders, at pages 20-32 of the Traverse, Petitioner alleged a claim that was not pleaded in the Petition, namely, that his conviction is void *ab initio*, because the judge who conducted the trial lacked jurisdiction to consider the admissibility of Petitioner's confession.  On September 4, 2008, Magistrate Judge Nagle issued an Order advising Petitioner that his inclusion of this new claim in the Traverse violated her prior Orders, and pursuant to Ninth Circuit authority, the new claim would not be considered.  On September 17, 2008, Petitioner filed a request for additional time "to determine exactly how to proceed."  On September 19, 2008, Magistrate Judge Nagle denied the request, given the lack of any existing deadline to be extended, and she advised Petitioner that, if he could show the additional claim was exhausted and pleaded in the Petition, she would order additional briefing.

   Over five months passed.  On March 10, 2009, Petitioner filed what he labeled as a "Response" to Magistrate Judge Nagle's September 4 and 17, 2008 Orders.  Petitioner asserted therein that:  the claim alleged in the Traverse had, in fact, been alleged as part of Ground Two of the Petition; the claim had been raised in his state appeal, and he simply was utilizing "more precise and direct language" than his appellate counsel had done in raising the claim; and if the appellate attorney had not fairly presented the claim, it was "not the fault of Petitioner."

---

[1]  Petitioner requested seven extensions of time to file his Traverse.  During the 13-month period before he filed it, Petitioner never sought leave to amend the Petition to include additional claims, nor did he request that this action be stayed so that he could exhaust additional claims.

3

Petitioner further asserted that he was entitled to raise challenges to the trial court's jurisdiction at any time, including through his Traverse. Finally, Petitioner asked that, if Magistrate Judge Nagle did not agree that the belatedly-asserted jurisdictional challenge was exhausted, she stay this case.

On March 13, 2009, Magistrate Judge Nagle issued an Order in which she declined to reconsider her prior determination that the Traverse allegations in issue were newly-raised and unexhausted, because no basis for reconsidering and altering that determination had been established. She rejected Petitioner's argument that he was entitled to raise his challenge to the trial court's jurisdiction at any time, regardless of the federal habeas statute of limitations or any other procedural requirements. Magistrate Judge Nagle also denied Petitioner's request for a stay, because: the claim in issue was not newly-discovered; Petitioner's limitations period expired in 2007, and he had unduly delayed before attempting to raise the unexhausted claim in a procedurally improper manner; and no good cause existed for staying this action. Petitioner did not seek 28 U.S.C. § 636(b)(1)(A)/Fed.R.Civ.P. 72(a) review or reconsideration of the March 13, 2009 Order.

On May 26, 2011, Magistrate Judge Nagle issued her Report and Recommendation. After considering the claims raised in the Petition -- which were the same claims raised by Petitioner in his state appeal -- she concluded that federal habeas relief is not warranted and recommended that the Petition be denied.

Having received a recommendation that is adverse to him, Petitioner

1  now seeks this Court's reconsideration of Magistrate Judge Nagle's 2008
2  and 2009 Orders. He noted that the present Motion is his "second"
3  request for a stay and abeyance; the other was his March 10, 2009
4  "Response." (Motion at 1.) He asserts that he has "good cause" for his
5  failure to exhaust the claim raised at pages 20-32 of his Traverse and
6  that Magistrate Judge Nagle lacked good cause to deny his March 2009
7  stay request. (*Id.* at 2.) Inconsistently, he also asserts that the
8  claim newly-raised in his Traverse is "identical" to that he raised in
9  his appeal and in the Petition, and he complains that he has been unable
10 to persuade Magistrate Judge Nagle that the claim is exhausted. (*Id.*)

12     Petitioner's assertions are without merit. The jurisdictional
13 attack raised at pages 20-32 of the Traverse is a different claim than
14 those claims raised in Petitioner's state appeal. Moreover,
15 Petitioner's assertion that he raised this jurisdictional claim in the
16 Petition is factually frivolous; plainly he did not. The pending Report
17 and Recommendation addresses the claims that Petitioner actually raised
18 both in the state courts and the Petition filed in this Court. The
19 Magistrate Judge correctly exercised her discretion to deny a stay,
20 because Petitioner has not proceeded diligently to exhaust this
21 belatedly-raised claim, which would be untimely if asserted now.
22 Petitioner's present stay request must be denied for the same reasons.[2]

---

[2] Petitioner's assertion in the Motion that he wants to raise in this action a claim predicated on his appellate counsel's ineffective assistance for failing to exhaust the jurisdictional attack on Petitioner's conviction is similarly unavailing. Regardless of the unexhausted nature of any such Sixth Amendment claim, it plainly would be untimely now if raised in federal court.

1    Petitioner's delay of over two years before seeking district judge
2 reconsideration of Magistrate Judge Nagle's Orders is unjustified and,
3 in itself, warrants denial of the Motion.  In addition, for the reasons
4 set forth above, the Motion would fails on its merits even if it had
5 been timely.  Accordingly, as the relief sought by the Motion is not
6 warranted, the Motion is DENIED.

8    IT IS SO ORDERED.

10 DATED:  June 30, 2011         .

                                        _____
                                              VIRGINIA A. PHILLIPS
                                           UNITED STATES DISTRICT JUDGE